WIRT ADAMS, STATE REVENUE AGENT, v. LORENZO FRAGIACOMO.

1. LIQUOR LICENSE. *Action therefor.* *State revenue agent.* *Code* 1892, § 1590.

　　Under the code of 1892, no action can be brought against one retailing intoxicating liquors without license, except as provided by § 1590 imposing penalties of $500 recoverable by the state, county and city, respectively. A suit by the state revenue agent, to recover the license tax which such retailer should have paid, is not maintainable. *McBride* v. *State, ante,* 716.

2. PRIVILEGE TAXES. *Action therefor.* *Code* 1892, § 3408.

　　Section 3408, chapter 1081, code 1892, authorizing suits for the recovery of delinquent privilege taxes, applies only to privilege taxes proper, as provided for by said chapter, and not to licenses to retail intoxicating liquors.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

This action was brought in October, 1892, by Wirt Adams, state revenue agent, against Lorenzo Fragiacomo, the appellee, to recover the amount of the licenses which he should have paid the state, county and city as a retailer of intoxicating liquors in the city of Jackson, during the years 1891 and 1892. The defendant demurred to the declaration, the demurrer was sustained and the suit dismissed, and the state revenue agent prosecutes this appeal.

Several questions are presented by the record and argued by counsel, but the opinion of the court is confined to the single preliminary inquiry whether this action is maintainable. In this aspect only the case has been ordered to be reported.

That part of § 3408, code of 1892, reference to which is made in the opinion, is as follows: "Any one failing to pay the privilege tax herein imposed, and to obtain license as herein required, but pursuing the business taxed without

such license, may be proceeded against by suit for such tax, besides being dealt with criminally."

Prior to the code of 1892, the matter of license to sell intoxicating liquors in the city of Jackson was regulated by the special act approved March 9, 1888. Laws, page 237. Section 1 of said act provides "that the state tax for license to sell in any quantity vinous or spirituous liquors in the city of Jackson, in the county of Hinds, state of Mississippi, shall not be less than one thousand dollars nor more than fifteen hundred dollars per annum."

Section 2 provides "that the state tax for license to sell malt liquors . . . . shall not be less than five hundred dollars nor more than seven hundred and fifty dollars per annum."

*Williamson & Potter*, for appellant.

1. If there ever existed a technical difference under our statutes between a privilege tax and a license tax, it is not recognized in our present code, in which the retail license to a liquor-dealer is called a *privilege* license. Code 1892, § 1582.

2. The right of the state to recover the amount of license which a retailer of intoxicating liquors should have paid has existed since the adoption of the code of 1880. This policy was enlarged upon by the legislature of 1890, and penalties fixed upon the officer wilfully failing to discharge his duty in collecting the license. Section 3408, code 1892, is a reproduction of § 594, code 1880, which gave the state the right to recover, by suit, delinquent privilege taxes, with this enlargement, however, that it includes the cause of action given by § 1109, code 1880. Under § 3408, code 1892, the right of the state to sue in this case cannot be doubted. Delinquent liquor-dealers are no more exempt from suit than those engaged in better callings.

The act of 1888 terms the license a state *tax* to sell vinous and spirituous liquors. This act remained in force until the adoption of the dram-shop chapter of the present code, April 2, 1892. The act of 1890, as to revenue agent, expressly con-

ferred on that officer the right to sue for privilege taxes. Section 4191, code of 1892, makes it the duty of the revenue agent to bring suit for all past-due taxes, including privilege and license taxes. It was competent for the legislature to declare in what manner, and by what persons, existing rights of action in the state or a municipality may be prosecuted. *McBride* v. *State*, *ante*, p. 716.

*Calhoon & Green*, for appellee.

There is no declaration in the code of 1880 that the person conducting the business of a retailer without license shall be liable to pay the price fixed by the local authorities therefor. He does not become a delinquent tax-payer. *State* v. *Adler*, 68 Miss, 487. It will be noticed that § 4192, code of 1892, omits any reference to license taxes, but confines the right of assessment to *ad valorem* taxes, or privilege taxes. So the language of the two acts creating the revenue agent is substantially the same, and both deny the power of assessment in a case like this. Under the act of 1890, the unlawful retailer is civilly liable for the highest amount he should have paid, but the action was not maintainable by the state revenue agent. *State* v. *Taylor*, 68 Miss., 730; *State* v. *Thibodeaux*, 69 *Ib.*, 92. The act of 1890, which created a cause of action against retailers, was, by implication, repealed by the code of 1892. So, when this action was begun, the sole statutory power of the revenue agent existed under the code of 1892. He could not maintain an action against an unlawful retailer for any act done prior to the code of 1892, even if he could do so under that code. *State* v. *Hill*, *ante*, p. 106. The only right of action conferred by that code exists under § 1590 for the recovery of the penalties of five hundred dollars therein imposed. And these penalties cannot be recovered by the state revenue agent. *McBride* v. *State*, *ante*, p. 716.

Section 3408, code of 1892, conferring a right of action for privilege taxes, does not apply to license taxes required of retailers of intoxicating liquors. We submit that when this

suit was brought there was no civil action of any kind maintainable by the state revenue agent in cases like this.

WOODS, J., delivered the opinion of the court.

Has the revenue agent the authority to maintain this action? The answer will be found to have already been made in several recent opinions of this court. In the case of the *State* v. *Order of Elks*, 69 Miss., it is declared that the second section of the act of February 24, 1890, was repealed by the general revenue law, chapter 116, code of 1892. (It will be seen, in the opinion in this case, page 897, 69 Miss., that § 2, act of February 24, 1890, is said to have been repealed by the chapter of the code of 1892, entitled " Revenue Agent;" but it is clear that, by some inadvertence, these words, "revenue agent," are erroneously used, and that reference was had to chapter 116, entitled " Revenue." The mere verbal inaccuracy, however, is so manifest that the legal reader will not be misled.)

In the case of *State* v. *Hill*, *ante*, p. 106, it is held that the act of February 22, 1890, creating the office of revenue agent, was repealed by chapter 126, code of 1892, entitled " State Revenue Agent."

The authority of the state revenue agent to maintain this action must be found now in the code of 1892. The only action to be found in this code maintainable against persons selling liquors unlawfully, is in § 1590, in which it is provided that every person so offending " shall be subject to pay to the state, county and the city, town or village where the offense was committed, each, the sum of five hundred dollars," etc.

In *McBride* v. *State*, *ante*, p. 716, it is held that this sum of five hundred dollars was a penalty recoverable only by civil suit by the state, county or city, town or village, and not by the revenue agent.

It is useless to elaborate, for, on the authority of the cases hereinbefore named, it is settled that the action against appellee cannot be maintained by the state revenue agent.

Counsel for appellant are in error in supposing that § 3408, code of 1892, confers authority for maintaining civil actions against persons selling liquors without paying the license tax required in such cases. The section named is part of chapter 108, code of 1892, which treats of and deals with privilege taxes as distinguished from a license tax to retail liquors. · In the privilege taxes enumerated and provided for in that chapter, the license tax of a retail liquor-dealer is not to be found, and the proceedings, civil and criminal, provided for in the concluding sentence of said section are applicable only to the delinquent privilege tax-payers, whose callings are taxed under said chapter 108.

*Affirmed.*