YAZOO & MISSISSIPPI VALLEY RAILROAD CO. *v.* WIRT ADAMS, STATE REVENUE AGENT.

1. TAXATION. *Exemption. Railroads. Code* 1880, §§ 607, 608. *Laws* 1884, · p. 29.

   The exemption from taxation granted to the Natchez. Jackson & Columbus Railroad Company having been repealed by §§ 607, 608, code 1880, the words of the act of 1884 (Laws. p. 29), "after expiration of exemption as provided in its charter and acts amendatory thereof," following other words imposing on the company a privilege tax of forty dollars per mile, did not have the effect of restoring such exemption. *Railroad Co.* v. *Lambert*, 70 Miss., 779, overruled.

2. PLEADING. *Supreme court. Practice.*

   When a defendant. after a plea previously filed by him is held bad on demurrer, has by leave of court filed further pleas, and, availing also of the course of plaintiff's pleadings, presented defenses by rejoinders, the supreme court will not be deterred from extending demurrers back to his latter pleas because the lower court did not do so, and such action may deprive him of the opportunity to file additional pleas.

FROM the circuit court of Hinds county, first district.

HON. ROBERT POWELL, Judge.

The opinion states the case.

*J. M. Dickinson* and *Mayes & Harris,* for the appellant, and *Calhoon & Green* and *Critz, Beckett & Kimbrough,* for the appellee.

ALEXANDER, Special Judge, delivered the opinion of the court.

The railroad commission in August, 1898, proceeded in the manner prescribed by law to assess for taxation the railroad property formerly owned by the Louisville, New Orleans & Texas Railroad Co., and which had passed to the Yazoo & Mississippi Valley Railroad Co. by the consolidation of the two companies, effected October 24, 1892. The assessment was made against the last-named company, and against the Illinois Central Railroad Co. Although due notice was given, no objection was made to the assessment, and, the time for certiorari having expired, the state revenue agent brought this action to recover taxes for 1898 thus asesssed. By their second plea, which was a mere amplification of their first plea, which was held defective, defendants sought to avail of the exemption from taxation contained in sec. 21 of the charter of the Mobile & Northwestern Railroad Co. (Laws 1870, p. 255), and extended by the act of 1882 (Laws, p. 932) to the Louisville, New Orleans & Texas Railroad Co., and which is claimed the appellants acquired by the consolidation above mentioned.

By the third plea defendants aver that their right to exemption became *res adjudicata* by the judgment in the case of *Natchez, Jackson & Columbus Railroad Co.* v. *Lambert,* 70 Miss., 779, and that the later decision in *Adams, State Revenue Agent,* v. *Yazoo & Mississippi Valley Railroad Co.,* overruling that case and announcing a contrary decision, will, if applied in this case, be violative of the fourteenth amendment to the constitution of the United States.

Plaintiff did not, by simply demurring to this plea, accept the challenge of defendants as to the correctness of the former decision of this court in his own favor, but interposed sev-

eral replications, which gave rise to numerous rejoinders and demurrers—a ramification of special pleadings every branch of which culminated in rulings adverse to defendants' right to the exemption sought.

To the third plea, which set up the decree in the Lambert case as *res adjudicata,* plaintiff filed a replication, to which a demurrer was overruled, and leave given to rejoin, and the rejoinder was filed, to which a demurrer was sustained.

We deem it unnecessary to follow counsel into this labyrinth of special pleadings, or to pass upon the various questions which they present. It is sufficient to say that all the defenses sought to be availed of by defendants rest upon and must fall with their pleas. We are earnestly urged in behalf of appellants to overrule the case of *Adams* v. *Yazoo & Mississippi Valley Railroad Co.,* which denies to them the exemption set up in these pleas, and to re-establish the Lambert case. Careful reconsideration of the Lambert case has strengthened rather than shaken our conviction as to its unsoundness in so far as it held that the exemption in question, if it then existed, passed to the consolidated company.

But we cannot assent to the other view announced in the Lambert case that such exemption, after being repealed by the code of 1880, was restored by the acts of 1884 (Laws, p. 29). The strong doubt expressed as to this, in the opinion of the main case, has given place to conviction that no such effect can be given to that act. The rule is universal that statutes granting exemptions from taxation must be strictly construed in favor of the taxing power. The intent to confer the exemption must be clear and unmistakable. The act of 1884 was a mere amendment of §§ 607 and 608, code 1880, in relation to the privilege taxes which railroad companies might elect to pay in lieu of *ad valorem* taxes. The language of the act, when viewed in connection with the subject-matter, evidences, at most, an intention to save whatever right to an exemption the N. J. & C. R. R. Co., or other companies, might have. But as

was held in the Lambert case, this exemption had been repealed by the code of 1880. The language of the act falls short of being a clear and unambiguous grant anew of a general exemption from taxation. The doubt must be resolved against the claim of exemption.

No *res adjudicata* as to the exemption here claimed arose out of the Lambert case. As to this and the other questions above mentioned, we are content with the reasoning of the opinion in the main case. The various demurrers should have been extended back to the pleas and sustained. The argument for appellants that this court should not adopt such a course where the court below has not done so, because the effect might be to cut off the right to file additional pleas, might come with force in some cases. But defendants in this case, after having filed a plea which was held bad on demurrer, have already once availed of leave given to plead over, and by the course of plaintiff's pleadings, have been given opportunity to present defenses by way of rejoinders. It is conceded by appellants that the questions presented by the pleadings subsequent to the pleas do not go to plaintiff's right to an ultimate recovery, if the claim to exemption be denied, and as no point is made as to the regularity of the assessment, we will not hesitate to give the demurrers their full effect. The judgment, however arrived at, was right, and must be affirmed.

*Affirmed.*