# YAZOO AND MISSISSIPPI VALLEY RAILROAD COMPANY *v.* ADAMS.
## SAME *v.* SAME.

ERROR TO THE SUPREME COURT OF THE STA 'E' OF MISSISSIPPI.

Nos. 355, 356. · Argued October 22, 23, 1900.—Decided January 7, 1901.

These cases do not differ materially from the one just decided, (*ante* page 1), except as to the year for which the taxes were assessed.

THIS was an action against the Yazoo Company and the Illinois Central Company for state, county, municipal and privilege taxes for the year 1898, upon the property of the Louisville, New Orleans and Texas Company, which became the property of the Yazoo Company by virtue of the consolidation of October 24, 1892, and has since been operated by the defendants.

*Mr. William D. Guthrie* and *Mr. Edward Mayes* for plaintiffs in error. *Mr. Noel Gale* was on their brief:

*Mr. F. A. Critz* and *Mr. Marcellus Green* for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This case does not differ materially from the one just decided except as to the year for which the taxes were assessed. A joint plea was filed by the defendants setting up a claim to exemption under the charter of the former Louisville Company, which for twenty-five years from March 3, 1882, appropriated all taxes to its construction debts, with a proviso that this appropriation should cease when the profits were sufficient to enable it to declare and pay an annual dividend of eight per cent upon the capital stock over and above the payment of its debts and liabilities. But this plea did not allege that the railroad was built under this charter, nor that the profits had not been

sufficient to pay the dividends, and a demurrer was interposed for these reasons, which was sustained by the court.

Defendants then, under leave to answer over, filed two pleas, of which the first, called the amended or second plea, rectified the two foregoing omissions, and set up that this exemption was an irrepealable contract of appropriation of the taxes, and protected by the contract clause and the Fourteenth Amendment.

The third plea set up the record and decision in *Railroad Co.* v. *Lambert,* 70 Miss. 799, as *res adjudicata,* and alleged that the contrary decision of June 20, 1898, in the case of *Adams* v. *Yazoo Company* was violative of the contract clause. Then followed a maze of replications, rejoinders and demurrers, into which it would be wholly unprofitable to enter. Suffice it to say that from this "labyrinth of special pleadings," as it was termed by the Supreme Court, (77 Miss. 780,) three questions were evolved:

First. Whether the provisions of section 21 of the charter of the Mobile and Northwestern Company constituted a valid and irrepealable contract between the state and the railroad company under the Mississippi constitution of 1869.

Second. Whether, conceding its validity, the consolidation of 1892 operated to terminate this contract.

Third. Whether the decision in the *Lambert* case operated as an estoppel against the prosecution of this action.

It is sufficient to say of the third question that it is not Federal in its character. What weight shall be given as an estoppel to a prior judgment of the same court is not a matter which can be reviewed here. We do not understand this point to be pressed.

The second question we have already disposed of in the main case. The immunity from taxation, contained in the charters of the constituent companies, did not enure to the new company formed by the consolidation of 1892.

In the view we have taken of the second question, the first becomes immaterial, as we have held in the prior case.

It is stipulated that another case (No. 356) brought against these companies for the taxes of 1898 upon the property of the Natchez, Jackson and Columbus division of the Louisville Com-

pany, now owned and operated by the Yazoo Company, shall abide the result of this.

The judgment of the Supreme Court of Mississippi in these cases is therefore

*Affirmed.*